IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          No. 98-20194 B

TAMEKA HARRIS,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT

---

Before the Court is the petition of the Defendant, Tameka Harris, for expungement of the record of her conviction in this case. Although she requests that a copy of any expungement order entered by the Court be forwarded to the Tennessee Bureau of Investigation, Harris gives no basis for her petition. The Government argues expungement should not be granted on the grounds that the judicial record accurately reflects Harris's 1998 indictment for theft of mail, her acceptance into a pretrial diversion program, and the 1999 dismissal of the indictment without prejudice in light of her participation in the program.

The test for determining whether expungement of judicial records is appropriate "is a balancing test: if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is" warranted. United States v. Flowers, 389 F.3d 737, 739 (7th Cir. 2004) (citations and internal quotation marks omitted). Expungement is an extraordinary remedy that should be reserved only for exceptional circumstances. Id. Thus, it should not be used in cases involving "no more than a routine, valid criminal conviction with the usual attendant consequences." Id. at 740.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 11-2-05



While it appears the Sixth Circuit has not articulated a standard for deciding when expungement may be properly utilized, it cited to the foregoing standard with approval in United States v. Robinson, No. 94-1945, 1996 WL 107129, at *2 (6th Cir. Mar. 8, 1996). The Robinson panel recognized that "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. Conversely, courts have uniformly denied expunction requests regarding valid convictions." Robinson, 1996 WL 107129, at *2. In Robinson, the plaintiff sought expunction of a mail fraud conviction on which she entered a guilty plea, fulfilled all the requirements of her sentence, and was not convicted of other crimes thereafter. Id. at *1. She requested that the court expunge her record because the conviction prevented her from obtaining employment. Id. Based on the court's review of the case law, the district court's denial of the motion was upheld on appeal. Id. at *2.

Similarly, in a more recent district court case from this circuit, the court, noting the view taken by other courts, including the Sixth Circuit in Robinson, stated that "[i]f an arrest is made on probable cause, or if an indictment is properly obtained, case law indicates that records of these events should not be expunged, even if the charges are later dismissed." United States v. Flagg, 178 F.Supp.2d 903, 905 (S.D. Ohio 2001). Significantly, the Flagg court recognized that an exception to the "general rule exists when the Government dismisses the charges against a defendant *and* concedes his or her innocence." Id. at 905-06 (citing United States v. Van Wagner, 746 F.Supp. 619 (E.D. Va. 1990)) (emphasis in original).

In the present case, there has been no allegation that the conviction was illegal, was obtained under a statute later deemed unconstitutional or through governmental misconduct. Nor does the

2

Government concede Harris was innocent of the charges on which she was convicted. Rather, the evidence before the Court undisputedly places this case in the category of the garden variety convictions to which the remedy of expunction simply does not apply. See Flowers, 389 F.3d at 740; Robinson, 1996 WL 107129, at *1-2; Flagg, 178 F.Supp.2d at 905-06. Accordingly, the petition is DENIED.

IT IS SO ORDERED this 1st day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:98-CR-20194 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

Jennifer Lawrence Webber
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Tameka Levette Harris
1412 Ardee Ave.
Nashville, TN 37216

Honorable J. Breen
US DISTRICT COURT